UNITED STATES For the Use of INTER-NATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL # 449, EIGHTH DISTRICT ELECTRICAL PENSION FUND & its Trustees; Eighth District Electrical Benefit Fund and its Trustees; Joint Apprenticeship and Training Trust Fund and its Trustees; Electrical Workers Local Union no. 449 Vacation Plan and its Trustees; National Electrical Industry Fund and its Trustees; the National Employees Benefit Board and its Members; Shane Monson; Larry Soloman; Neil Tillotson; and Larry Webb, Plaintiffs,

v.

UNITED PACIFIC INSURANCE COMPANY, a Washington corporation; and Eldridge Construction, Inc., an Idaho corporation, Defendants.

UNITED PACIFIC INSURANCE COMPANY, a Washington corporation, Cross-claimant,

v.

ELDRIDGE CONSTRUCTION, INC., an Idaho corporation, Cross-defendant.

UNITED PACIFIC INSURANCE COMPANY, a Washington corporation, Third-party plaintiff,

v.

George W. ELDRIDGE: Peggy A. Eldridge; Priceco, Inc., an Idaho corporation; J. Clair Price; and Alice M. Price, Third-party defendants.

J. Clair PRICE and Alice M. Price, Counter-claimants,

v.

UNITED PACIFIC INSURANCE COMPANY, Counter-defendant.

J. Clair PRICE and Alice M. Price, Cross-claimants,

v.

George W. ELDRIDGE and Peggy A. Eldridge, Cross-defendants.

George W. ELDRIDGE, Cross-claimant,

v.

J. Clair PRICE and Alice M. Price, Cross-defendants.

UNITED PACIFIC INSURANCE COMPANY, a Washington corporation, Fourth-party plaintiff,

v.

John B. KUGLER, Fourth-party defendant.

Civ. No. 84-4169.

United States District Court, D. Idaho.

May 10, 1988.

On Motion For Entry of Final Judgment Aug. 2, 1988.

Gaylen L. Box, McDermott, McDermott, Zollinger & Box, Pocatello, Idaho, Larry E. Prince, Holland & Hart, Langroise, Sullivan, Boise, Idaho, Jan D. Sokol, Stafford Frey Stewart & Cooper, Portland, Or., for plaintiffs.

Larry E. Prince, Holland & Hart, Langroise, Sullivan, Boise, Idaho, Jan D. Sokol, Stafford Frey Stewart & Cooper, Portland, Or., for United Pacific Ins. Co.

Mark R. Fuller, Fuller & Carr, Idaho Falls, Idaho, for Eldridge Const. Inc., George W. Eldridge and Peggy A. Eldridge.

John B. Kugler, Pocatello, Idaho, for Priceco, Inc., Jay Clair Price and Alice M. Price.

W.J. Anderson, Sharp, Anderson, Bush & Nelson, Idaho Falls, Idaho, for Makoto Const., Inc.

John B. Kugler, Pocatello, Idaho, pro se.

## MEMORANDUM DECISION

CALLISTER, District Judge.

The Court has before it the motion by defendant and third-party plaintiff United Pacific Insurance Co. (UPIC) for summary judgment. The Court heard oral argument on March 21, 1988, has reviewed the entire matter, and now must decide whether there are any genuine issues of material fact and whether UPIC is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

UPIC was the surety on two bonds posted for work to be performed at the Idaho National Engineering Laboratory site in Eastern Idaho. The first bond named Eldridge Construction, Inc. (Eldridge) as principal and the second bond named Priceco, Inc. (Priceco) as principal. As consideration for the bonds, Eldridge, Priceco, George Eldridge, Peggy Eldridge, J. Clair

Price, and Alice Price (Indemnitors) executed a Continuing Agreement of Indemnity–Contractors Form (Agreement) on June 30, 1982. The Indemnitors agreed to indemnify and hold UPIC harmless from any loss, costs, or expenses, including attorney fees, incurred as a result of posting the two bonds. The Agreement also provided at Paragraph Tenth:

> The Surety shall have the exclusive right for itself and for the undersigned to decide and determine whether any claim, demand, suit or judgment upon said Bond or Bonds shall, on the basis of liability, expediency or otherwise, be paid, settled, defended or appealed, and its determination shall be final, conclusive and binding upon the undersigned (except as provided in Section Ninth (c) hereof); and any loss, costs, charges, expense or liability thereby sustained or incurred, as well as any and all disbursements on account of costs, expenses and attorneys' fees deemed necessary or advisable by the Surety, shall be borne and paid immediately by the undersigned, together with legal interest.

The exception in Paragraph Ninth (c) provides that if the Indemnitors request that UPIC litigate a claim or defend a suit, the Indemnitors must deposit with UPIC cash or collateral satisfactory to UPIC to be used for paying any judgment rendered against it. It is undisputed that none of the Indemnitors made the required deposit.

Two of the subcontractors of Eldridge and Priceco, Bengal Electric and Monarch Electric, filed Chapter 7 bankruptcy proceedings. The International Brotherhood of Electrical Workers Local No. 449 (the Union) then brought this suit in December of 1984 against UPIC, Eldridge, and Priceco for wages due to a number of the employees of Bengal and Monarch and for benefits due to several Union benefit funds. Priceco was eventually dropped from the suit because it paid all of the claims with respect to Monarch.

UPIC tendered the defense to the claims to the Indemnitors, who undertook the defense. UPIC learned in July of 1986, that in January of 1986 the Union had amended its complaint to allege bad faith and to seek punitive damages against UPIC. UPIC also learned that counsel on the tender of the defense, John Kugler, had failed to answer some interrogatories and had agreed to pay the Union its attorney fees for the motion it filed to compel responses to those interrogatories. Finally, UPIC learned that it had not been notified of a settlement offer from the Union.

Because of Kugler's failure to notify it of significant developments in the case, UPIC obtained its own counsel and quickly settled the Union's claims. UPIC now seeks indemnity from the Indemnitors.

Eldridge, Priceco, and the Prices (the Price defendants) contend that UPIC acted in bad faith by settling the case for several reasons. First, they assert that the parties claiming amounts due through Bengal Electric were not entitled to payment because they failed to give timely notice as required under the Miller Act, 40 U.S.C. § 270a *et seq.* Second, they assert that the settlement by UPIC included amounts allegedly owed to Monarch Electric that had already been paid by Priceco. Third, the Price defendants argue that part of the settlement included attorney fees, which they assert were not recoverable under the Miller Act. Fourth, they contend that Bengal had sufficient assets in the bankruptcy estate to discharge its obligation to the Union, but that neither the Union nor UPIC attempted to recover from that estate.

George and Peggy Eldridge argue that UPIC should be estopped from asserting its third-party claims against the Indemnitors because the independent agent who obtained the bond for Eldridge represented that Bengal Electric was a stable company and "as good as gold." The Eldridges further argue that George Eldridge did not sign the bond and that his purported signature appearing thereon is a forgery. He therefore denies being bound by the terms of the bond. Finally, the Eldridges assert that UPIC is guilty of bad faith because, they allege, UPIC never notified them of the final settlement negotiations and failed to seek their assistance in avoiding the principal cause of action.

The gist of the Price defendants' bad faith arguments is that the principals, and therefore UPIC as surety, were not liable to make the payments. In this regard, the Ninth Circuit has stated:

> To be sure, equity generally implies a right to indemnification in favor of a surety only when the surety pays off a debt for which his principal is liable. [Citation omitted.] However, resort to implied indemnity principles is improper when an express indemnification contract exists. [Citation omitted.] "There can be no question but that a surety is entitled to stand upon the letter of his contract, and his undertaking is to be construed strictly in his favor and is not to be extended by implication or inference beyond the scope of its terms."

*Commercial Ins. Co. of Newark, N.J. v. Pacific–Peru Constr. Co.*, 558 F.2d 948, 953 (9th Cir.1977) quoting *Hackfeld and Co., Ltd. v. Medcalf*, 20 Haw. 47, 54 (1910); *see also Fidelity and Deposit Co. of Maryland v. Bristol Steel and Ironworks, Inc.*, 722 F.2d 1160, 1163 (4th Cir.1983).

■ The Idaho Supreme Court has similarly held:

> It is a well-established principle of surety law in regard to indemnification that the "surety will ... be permitted to rely on the exact terms of the agreement." [Citation omitted]. Although the issue is one of first impression in Idaho, this principle has received consistent endorsement in the caselaw of other jurisdictions. [Citations omitted.]

*Martin v. Lyons*, 98 Idaho 102, 558 P.2d 1063, 1066 (1977). Of course, an indemnitor is excused if a surety makes a payment through fraud or lack of good faith. *Id.; Fidelity and Deposit*, 722 F.2d at 1163.

■ Under the terms of the Agreement executed by the parties in this case as quoted in Paragraph Tenth above, the Indemnitors are liable for any expense relating to any claim, demand, suit, or judgment upon the bonds and UPIC can settle the claims "on the basis of liability, expediency or otherwise." UPIC is not bound, as it would be at common law, to pay only amounts for which the principals were legally liable. Hence, upon the express terms of the Agreement, the Indemnitors are liable to indemnify UPIC no matter what the legal defenses or other avenues of resolution may have been. *Commercial Ins.*, 558 F.2d at 954. The record is void of any indication of bad faith, and the settlement by UPIC was reasonable and acceptable under the terms of the Agreement because of UPIC's broad potential exposure under the amended complaint.

■ The Eldridges have failed to establish a defense of estoppel because they have not established that the independent agent was acting as an agent for UPIC and because they have not made any showing to support the elements of estoppel. Estoppel requires a false representation or a concealment of a material fact with either actual or constructive knowledge of the truth. *Twin Falls Clinic and Hosp. Bldg. Corp. v. Hamill*, 103 Idaho 19, 644 P.2d 341, 344 (1982). The record is void of any evidence of misrepresentation or concealment by the independent agent.

■ Nor can the Eldridges escape liability through George Eldridge's assertion that he did not sign the bond. He does not deny signing the Agreement, which is the document in question.

■ Finally, the fact that George Eldridge asserts that he did not receive prior notice of UPIC's intention of settling the Union's claims does not absolve them from liability. UPIC asserts that it sent notice to the attorney representing the Eldridges at the time of the settlement and the attorney has not controverted that fact. The Eldridges thus had constructive notice. Furthermore, no notice was required under the terms of the Agreement; UPIC's right was exclusive. The Court concludes as a matter of law that UPIC did not act in bad faith or fraudulently with respect to the Eldridges.

For the foregoing reasons, UPIC's motion for summary judgment will be granted.

## ORDER

The Court has before it the motion by defendant and third-party plaintiff United Pacific Insurance Co. (UPIC) for summary judgment. In accordance with the views expressed in the memorandum decision accompanying this order,

NOW, THEREFORE, IT IS HEREBY ORDERED that UPIC's motion for summary judgment be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that UPIC shall submit proof of the amount due and a proposed form of judgment. The other parties shall have ten (10) days from the date of that submission to object to UPIC's proof of amount due and the proposed judgment.

## ON MOTION FOR ENTRY OF FINAL JUDGMENT

■ The Court has before it a motion by United Pacific Insurance Company (UPIC) for entry of final judgment. The parties have fully briefed the issues and the Court does not believe that a hearing would be helpful to the resolution of the motion.

UPIC acted as surety for Eldridge Construction, Inc.; Priceco, Inc.; George W. Eldridge; Peggy A. Eldridge; J. Clair Price; and Alice M. Price (the indemnitors) on two separate construction projects. The indemnitors agreed to indemnify UPIC for any amounts UPIC paid in relation to the construction projects. UPIC eventually settled claims made against it by third parties. Finally, on May 10, 1988, the Court granted summary judgment in favor of UPIC on the indemnity question, holding that the indemnitors were liable under the terms of the agreements to which they were parties. UPIC requests that it be granted final judgment pursuant to Fed.R. Civ.P. 54(b).

Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The United States Supreme Court addressed the standards for entering final judgment in *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). The Court held that the proper factors to consider include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there [are] subsequent appeals." *Id.* at 8, 100 S.Ct. at 1465. The Court minimized the importance of the oft-cited standard that final judgment under Rule 54(b) should be granted in the "infrequent harsh case," concluding that in isolation that standard is "neither workable nor entirely reliable." *Id.* at 10, 100 S.Ct. at 1466. Although "sound judicial administration does not require that Rule 54(b) requests be granted routinely ...," the matter is left within the sound discretion of the district court. *Id.*

Since the time of *Curtiss–Wright,* the Ninth Circuit has held that there is no requirement that Rule 54(b) claims "have to be separate and independent of the remaining claims." *Sheehan v. Atlanta Int'l Ins. Co.,* 812 F.2d 465, 468 (9th Cir.1987). All that is required is "a certifiable judgment finally to resolve at least one claim in a multiple-claim action or finally to adjudicate the position of at least one party to a multiple-party action." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1524 (9th Cir.1987). The Court concluded that "the solution for Rule 54(b) purposes lies in a more pragmatic approach focusing on severability and efficient judicial administration." *Id.* at 1525.

In this case, the claim for indemnity between UPIC and the indemnitors is independent and separable from the other claims asserted by and between the parties to this action. The position of UPIC is resolved, and the liability of the indemni-

tors is joint and severable. Judicial economy is served because liability on the underlying claim by UPIC will either be conclusively established on appeal or remanded for further litigation. This is a case where the claims of the indemnitors among themselves are contingent upon a finding of their final liability to UPIC.

Finally, that there remains an outstanding claim by UPIC against John Kugler does not bar the Court from exercising its discretion and certifying the judgment as final. As UPIC noted in its brief, the granting of summary judgment in favor of UPIC effectively resolves the fourth-party complaint. The claim against Kugler will become relevant only if this Court is reversed on appeal and UPIC is ordered to re-enter this litigation.

For the foregoing reasons, the Court finds that there is no just reason for delay and will direct the entry of judgment.